## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WHITEFORD TAYLOR & PRESTON, L.L.P., *et al.*, | ) ) ) | |
| Appellants, | ) ) | Civil Action No. 21-cv-02520-LKG |
| v. | ) ) | Date:  July 29, 2022 |
| SENS, INC., *et al.*, | ) ) ) | |
| Appellees. | ) ) | |

| | | |
|---|---|---|
| WHITEFORD TAYLOR & PRESTON, L.L.P., *et al.*, | ) ) ) | |
| Appellants, | ) ) | Civil Action No. 21-cv-02988-LKG |
| v. | ) ) | |
| SENS, INC., *et al.*, | ) ) ) | |
| Appellees. | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.      INTRODUCTION

This consolidated bankruptcy appeal involves a legal malpractice claim brought by Appellees, SENS, Inc., Roy Sens, Melanie Susan Sens, Sens Mechanical, Inc. ("SMI"), and Monique Almy, Trustee of the Estate of Sens Mechanical, Inc. (collectively, the "Sens Parties") against Appellants, Whiteford Taylor and Preston and Thomas C. Beach III (collectively, "WTP").[1]  *See* Notice of Appeal, ECF No. 1; *see also* Sept. 30, 2021, Bankruptcy Mem. Op. Regarding Order Determining Agreed upon Prelim. Issues, ECF No. 1-2 (the "Sept. 30, 2021,

---

[1] Mr. Beach is a senior counsel at the law firm of Whiteford Taylor and Preston.

Dec."). After this matter was removed from the Circuit Court of Howard County, Maryland, the United States Bankruptcy Court for the District of Maryland issued a Memorandum Opinion and Order on September 30, 2021, resolving several preliminary issues in the case, including whether the Sens Parties' complaints are time-barred under the applicable statute of limitations (the "September 30, 2021, Order"). *See generally* Sept. 30, 2021, Dec. Relevant to this appeal, the Bankruptcy Court held that these complaints were timely filed on February 28, 2020, because the applicable statute of limitations began to run on the Sens Parties' claims on December 18, 2018. *Id.* at 28-29.

Appellants appeal the Bankruptcy Court's decision upon the ground of clear error. *See* Appellants' Br., ECF No. 15. Appellees have also moved to dismiss this appeal upon the ground that Appellants have not shown that leave should be granted to bring an appeal of an interlocutory order. *See* Appellees Mot., ECF No. 2. These maters have been fully briefed. *See* Appellees' Br., ECF No. 17; Appellants' Reply Br., ECF No. 20; *see also* Appellants' Resp., ECF No. 11. No hearing is necessary to resolve the pending motion and appeal. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court: (1) **DENIES** Appellees' motion to dismiss and (2) **AFFIRMS** the Bankruptcy Court's September 30, 2021, Order.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.   Factual Background

This consolidated bankruptcy appeal involves a legal malpractice claim brought by the Sens Parties against Whiteford Taylor and Preston and Thomas C. Beach III. A detailed factual background for this case can be found in the Bankruptcy Court's September 30, 2021, Order. *See* Sept. 30, 2021, Dec. at 3-17.

Relevant to this appeal, Appellees Sens and SMI are construction companies that are owned and operated by Roy Sens. *Id.* at 3. On or about June 9, 2014, Sens and Inns of Ocean

---

[2] The facts recited in this Memorandum Opinion and Order are taken from Appellees' motion to dismiss ("Appellees Mot."); and the memorandum in support thereof ( "Appellees' Mem."); Appellants' brief in support of their appeal ("Appellants' Br."); Appellees' responsive brief ("Appellees' Br."); and Appellants' reply brief ("Appellants' Reply Br.").

City, LLC ("IOOC") entered into a contract to construct a Marriott Residence Inn Hotel to be located in Ocean City, Maryland (the "Project").  *Id.* at 4.

Sens and IOOC divided the Project into two phases.  *Id.*  The bank funding the Project's second phase required that Sens secure performance and payment bonds.  *Id.*  And so, on or about June 19, 2014, United States Surety Company and U.S. Specialty Insurance Company (collectively, the "Sureties") provided a Performance Bond and a Labor and Material Payment Bond (collectively, the "Bonds"), which name Sens as the principal and IOOC as the obligee on the Project.  *Id.*

After Sens' work on the Project fell behind schedule, IOOC threatened to make a demand against the Sureties and to assess liquidated damages against Sens.  *Id.* at 5.  And so, on or about April 15, 2016, the Sens Parties retained WTP to help resolve this dispute.  *Id.*

The Surety Lawsuit

Efforts to resolve the dispute were not fruitful.  *See id.* at 6.  And so, the Sureties filed a lawsuit against the Sens Parties and the other indemnitors in the Circuit Court for Baltimore County in December 2016 (the "Surety Lawsuit").  *See id.* at 7; *see also United States Surety Co. v. Sens Mech. Inc.*, Case No. 03-C-16-013001.

On January 4, 2017, WTP terminated its legal representation of the Sens Parties in this litigation.  Sept. 30, 2021, Dec. at 7-8.  Thereafter, the Circuit Court for Baltimore County entered summary judgment in favor of the Sureties on December 18, 2018.  *Id.* at 8.  And so, the Sureties dismissed their lawsuit against the Sens Parties without prejudice on February 25, 2019. *Id.*

The Tolling Agreement And Malpractice Lawsuit

On July 1, 2019, the Sens Parties and WTP entered into a tolling agreement (the "Tolling Agreement") that tolled the statute of limitations for any claims that may be asserted by the Sens Parties against WTP during the period of July 1, 2019, to December 1, 2019.  *Id.* at 13.  The parties to the Tolling Agreement subsequently extended this agreement until March 1, 2020.  *Id.*

On February 28, 2020, the Sens Parties filed a complaint alleging legal malpractice claims against WTP in the Circuit Court for Howard County (the "Sens Complaint").  *See id.*; *see also Sens, Inc., et al. v. Whiteford Taylor and Preston, L.L.P., et al.*, Case Number C-13-CV-

3

20-000231.[3]  On May 8, 2020, WTP removed the Sens Complaint to the Bankruptcy Court. Sept. 30, 2021, Dec. at 14.

On July 28, 2020, the Sens Parties filed an amended complaint against WTP, which removed Mr. and Mrs. Sens as plaintiffs and added the SMI Trustee as the plaintiff on behalf of SMI.  *Id.*  On October 15, 2020, the Bankruptcy Court entered an order decreeing that the Bankruptcy Court shall "retain the case to resolve preliminary issues based on bankruptcy law and then, with regard to any claims not implicated by this Court's rulings or otherwise not dismissed, this matter should be remanded to the Circuit Court for Howard County, Maryland for further proceedings."  *Id.*

The Bankruptcy Court's Decision

On September 30, 2021, the Bankruptcy Court issued a Memorandum Opinion and Order resolving five preliminary issues in this case:  (1) whether the applicable statute of limitations barred SMI from filing the original complaint; (2) whether SMI had standing to file the original complaint under bankruptcy principles; (3) whether the SMI Trustee's filing of an amended complaint and substitution as plaintiff for SMI was proper under the applicable federal rules; (4) whether SMI was judicially estopped from pursuing a claim against WTP, because SMI did not identify the claim in its bankruptcy schedules until approximately two-and-a-half years after SMI commenced its bankruptcy case and one month after SMI and the other Sens Parties filed suit against WTP in state court; and (5) whether the SMI Trustee is judicially estopped from pursuing the claim against WTP.  *See id.* at 18-53.  Relevant to this appeal, the Bankruptcy Court held that:  (1) the Sens Parties timely filed the original complaint in their legal malpractice lawsuit on February 28, 2020; (2) the applicable three-year limitations period began to run on December 18, 2018; and (3) the original complaint was timely, because it was filed less than three years thereafter.  *Id.* at 28-29.

---

[3] In 2017, Roy and Melanie Sens filed a joint petition for relief under Chapter 7 of the United States Bankruptcy Code.  *See* Sept. 30, 2021, Dec. at 8.  After the Bankruptcy Court granted Roy and Melanie Sens a discharge under Section 727 of the Bankruptcy Code, they successfully sought to reopen the bankruptcy case in March 2020, because they learned subsequently that they had a legal malpractice claim.  *Id.* at 9-10.  SMI also filed a petition for relief under Chapter 11 of the Bankruptcy Code in 2017. *Id.* at 11.  Similar to Roy and Melanie Sens, SMI successfully sought to reopen this case in 2020, because it subsequently learned that it had a legal malpractice claim.  *Id.* at 12.

4

Specifically, the Bankruptcy Court determined that the applicable limitations period for the Sens Parties' legal malpractice claim began to run on December 18, 2018, when the Circuit Court for Baltimore County granted summary judgment in favor of the Sureties in the Surety Lawsuit. *Id.* at 22. In this regard, the Bankruptcy Court observed that:

> Section 5-101 of the Maryland Courts and Judicial Proceedings Article provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101. Maryland has adopted the discovery rule for determining when a cause of action accrues. *Hahn v. Claybrook*, 100 A. 83 (Md. 1917). The discovery rule tolls "the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Rd. Ltd. P'ship. v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000).

*Id.* at 19. And so, the Bankruptcy Court further determined that the limitations period began to run in this case when the Sens Parties knew of circumstances which would cause a reasonable person in their position to investigate with reasonable diligence and that such investigation would have led to the discovery of the alleged tort. *See id.* at 22-29.

In this regard, the Bankruptcy Court observed that Maryland law recognizes the continuation of events principle, which tolls the limitations period for certain claims when a fiduciary relationship exists between the parties. *Id.* at 19-20. But, the Bankruptcy Court further observed that this principle does not apply if a party had knowledge of facts which would lead a reasonable person to investigate, with reasonable diligence, and such investigation would have revealed the wrongdoing of the fiduciary. *Id.* at 20. And so, the Bankruptcy Court concluded that a confiding party is under no duty to inquire about the quality of the services or advice received, unless and until something occurs to make him or her suspicious under Maryland law. *Id.*

Based upon these standards, the Bankruptcy Court determined that the limitations period on the Sens Parties' legal malpractice claim began to run on December 18, 2018, when the Circuit Court for Baltimore County granted summary judgment in favor of the Sureties in the Surety Lawsuit. *Id.* at 22. The Bankruptcy Court also found that WTP's termination of its legal representation of the Sens Parties in January 2017 was insufficient to put the Sens Parties on notice of a potential legal malpractice claim against WTP, because WTP's January 4, 2017,

termination letter gave no indication that a legal malpractice claim may have existed at that time. *Id.* at 23-24.  In this regard, the Bankruptcy Court recognized that Roy Sens' deposition testimony shows that he did not realize the Sens Parties may have a legal malpractice claim against WTP until after summary judgment was entered in the Surety Lawsuit.  *Id.* at 25.  And so, the Bankruptcy Court concluded that the Sens Parties timely filed their complaint on February 28, 2020, because the complaint was filed less than three years after the date on which the Circuit Court for Baltimore County issued an order granting summary judgment in the Surety Lawsuit.  *Id.*.[4]  *Id.* at 29.

Appellants, alleging clear error, request that the Court set aside the Bankruptcy Court's September 30, 2021, Order.  *See generally* Appellants Br.

**B.      Procedural Background**

Appellants commenced this consolidated bankruptcy appeal on October 1, 2021.  *See* Notice of Appeal.  On October 29, 2021, Appellees filed a motion to dismiss the appeal.  *See* Appellees' Mot.; Appellees' Mem.

The record for this appeal was designated on November 1, 2021.  *See* ECF No. 3. Thereafter, the Court granted the parties' joint motion to consolidate this matter with *Whiteford Taylor, & Preston, LLP et al. v. Sens, et al*. (21-2988) on December 10, 2021.  *See* ECF No. 10.

On December 14, 2021, Appellants filed a response in opposition to Appellees' motion to dismiss.  *See* Appellants' Resp.  Appellants filed their appellate brief on December 21, 2021. *See* Appellants' Br.  Appellees filed their responsive brief on January 20, 2022.  *See* Appellees' Br.  Appellants filed their reply brief on February 14, 2022.  *See* Appellants' Reply Br.

These matters having been fully briefed, the Court resolves the pending motion and appeal.

---

[4] The Bankruptcy Court also determined that "[t]here is nothing in the record to support [WTP's] assertion that the Sens Parties should have known that they had a claim against [WTP] on August 1, 2016[,] when Mr. Beach allegedly advised the Sens Parties to cease work on the Project[,] or on August 18, 2016[,] when IOOC terminated Sens' right to perform work on the Project for cause."  Sept. 30, 2021, Dec. at 23.

III.    **LEGAL STANDARDS**

    A.      **Bankruptcy Court Appeals**

        Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction over appeals from bankruptcy courts with respect to final judgments, orders and decrees.  28 U.S.C. § 158(a). Specifically, Section 158(a) provides, in relevant part, that:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees; . . .
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

*Id.*  In this regard, the United States Court of Appeals for the Fourth Circuit has held that an order is not a final order if "it does not resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of even one of the parties to the . . . bankruptcy case." *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987) (citation omitted).  This Court has also held that denials of motions to dismiss by the Bankruptcy Court are interlocutory orders, rather than final orders.  *See e.g.*, *In re Hebb*, 53 B.R. 1003, 1005 (D. Md. 1985) (finding that the denial of a motion to dismiss "is clearly interlocutory in nature"); *In re Travelstead*, 250 B.R. 862, 865 (D. Md. 2000) ("[O]rders denying a motion to dismiss are interlocutory in nature and are only appealable by leave of the court.").

        Specifically relevant to this dispute, title 28, United States Code, section 2201(a) provides that a declaratory judgment "shall have the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201(a).  While the Fourth Circuit has not explicitly addressed when a decision entering a declaratory judgment is final for purposes of an appeal, the Fourth Circuit has held that a decision entering a declaratory judgment that does not resolve all issues is not a final decision.  *See Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc.*, 495 Fed. Appx. 383, 388 (4th Cir. 2012) (explaining that a decision entering a declaratory judgment that did not resolve all issues was not a "final" appealable decision, necessitating dismissal of the appeal).  The United States Court of Appeals for the Second Circuit has also held that "[a]n award of declaratory relief on all claims is a final order in a case

in which declaratory relief is sought." *Henrietta D. v. Giuliani*, 246 F.3d 176, 180 (2d Cir. 2001) (citations omitted).

> **B.      The Maryland Statute Of Limitations
> And The Continuation Of Events Principle**

Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the [Maryland] Code provides a different period of time within which an action shall be commenced."  Md. Code Ann., Cts. & Jud. Proc. § 5-101. The State of Maryland has also adopted the discovery rule for determining when a cause of action accrues.  *Hahn v. Claybrook*, 100 A. 83, 86 (Md. 1917).  This rule "tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000).  And so, the limitations period for a civil action begins to run when the plaintiff knows of circumstances which would cause a reasonable person in the plaintiff's position to investigate with reasonable diligence and such investigation would have led to the discovery of the alleged tort.  *Pennwalt Corp. v. Nasios*, 550 A.2d 1155, 1163 (Md. 1988).

Maryland law also recognizes the "continuation of events" principle, which tolls the limitations period for certain claims when a fiduciary relationship exists between the parties. *Frederick Rd. Ltd. P'ship*, 756 A.2d at 974; *see also Bresler v. Wilmington Trust Co*., 348 F. Supp. 3d 473, 485 (D. Md. 2018) (citation omitted) (recognizing that a fiduciary relationship "gives the confiding party the right to relax his or her guard and rely on the good faith of the other party so long as the relationship continues to exist").  The Maryland Court of Special Appeals has held that this principal is based upon the equitable doctrine of detrimental reliance and that trust is important in fiduciary relationships, especially within the context of the attorney-client relationship.  *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A*., 834 A.2d 170, 179 (Md. Ct. Spec. App. 2003).

This Court has held that the continuation of events principle does not apply if a party had knowledge of facts that would lead a reasonable person to investigate, with reasonable diligence, and such investigation would have revealed the wrongdoing of the fiduciary.  *Bresler*, 348 F. Supp. 3d at 485.  The Maryland Court of Appeals has similarly held that a confiding party has a duty to inquire about the quality of the legal services or advice received, if something occurs to

8

make the party suspicious.  *Supik*, 834 A.2d at 179 (citation omitted)*; see also Frederick Rd. Ltd. P'ship.*, 756 A.2d at 978-79 (holding that on the record in this case, "a finder-of-fact could conclude that it was reasonable for the petitioners, untrained in the law and relying on the fiduciary relationship with their attorneys, to have failed to discover their cause of action against the respondents").

## IV.    LEGAL ANALYSIS

Appellees seek to dismiss this appeal upon the grounds that the Bankruptcy Court's September 30, 2021, Order is not a final order and that Appellants have not satisfied the criteria for bringing an interlocutory appeal.  *See* Appellees' Mem. at 5-10.  Appellants counter that the September 30, 2021, Order is a final order, because this Order is a declaratory ruling that concluded the adversary proceeding between the parties before the Bankruptcy Court.  *See* Appellants' Resp. at 4-7, 10-11.  And so, Appellants request that the Court deny Appellees' motion to dismiss.  *Id.* at 11.

Appellants further argue that the Bankruptcy Court committed clear error in concluding that the Sens Parties timely filed their legal malpractice claim, because the Bankruptcy Court erred in finding that the statute of limitations period began to run on the Sens Parties' claim on December 18, 2018, and in applying the continuation of events principle to the evidence in this case.  Appellants' Br. at 14-25.  And so, Appellants request that the Court set aside the Bankruptcy Court's September 30, 2021, Order.  *Id.* at 25.

Appellees counter that the Court should sustain the Bankruptcy Court's September 30, 2021, Order, because the Bankruptcy Court's application of the statute of limitations to their legal malpractice claim is in accordance with the law and supported by the evidence in this case. *See* Appellees' Br. at 13-28.

For the reasons set forth below, a careful reading of the Bankruptcy Court's September 30, 2021, Order shows that this Order is a "final order" for purposes of Section 158(a).  A careful review of the record for this appeal also makes clear that the Bankruptcy Court's determination that the Sens Parties timely filed their legal malpractice claim is supported by the evidentiary record in this case and in accordance with law.  And so, the Court:  (1) **DENIES** Appellees' motion to dismiss and (2) **AFFIRMS** the Bankruptcy Court's September 30, 2021, Order.

**A.      The Bankruptcy Court's September 30, 2021, Order Is A Final Order**

As an initial matter, Appellees argue without persuasion that the Court should dismiss this appeal, because the Bankruptcy Court's September 30, 2021, Order is not a final order.  This Court has jurisdiction over appeals from the Bankruptcy Court involving final judgments, orders and decrees.  28 U.S.C. § 158(a).  The Court may also consider interlocutory appeals of matters brought before the Bankruptcy Court, by leave of the Court.  *Id.*

Notably, title 28, United States Code, section 2201(a) provides that a declaratory judgment "shall have the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201(a).  And so, an award of declaratory relief on all claims constitutes a final order that this Court may consider on appeal, in a case in which declaratory relief is sought.  *Compare Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc.*, 495 Fed. Appx. 383, 388 (4th Cir. 2012) (a declaratory decision that did not resolve all issues was not a "final" appealable decision), *with Henrietta D. v. Giuliani*, 246 F.3d 176, 180 (2d Cir. 2001) ("An award of declaratory relief on all claims is a final order in a case in which only declaratory relief is sought.").

In this appeal, the Bankruptcy Court's September 30, 2021, Order makes clear that it is a "final order," as contemplated by Section 158(a), because the Order plainly provides declaratory relief and concludes all adversary proceedings involving the parties before the Bankruptcy Court.  *See* Sept. 30, 2021, Dec.  Notably, the September 30, 2021, Order, fully resolves five preliminary issues in this case, namely:  (1) whether the applicable statute of limitations barred SMI from filing the original complaint; (2) whether SMI had standing to file the original complaint under bankruptcy principles; (3) whether the SMI Trustee's filing of an amended complaint and substitution as plaintiff for SMI was proper under the applicable federal rules; (4) whether SMI was judicially estopped from pursuing a claim against WTP, because SMI did not identify the claim in its bankruptcy schedules until approximately two-and-a-half years after SMI commenced its bankruptcy case and one month after SMI and the other Sens Parties filed suit against WTP in state court; and (5) whether the SMI Trustee is judicially estopped from pursuing the claim against WTP.  *See id.* at 18-53.

While Appellees correctly observe that these preliminary issues were presented to the Bankruptcy Court within the context of a motion to dismiss, the Bankruptcy Court explicitly

states in the September 30, 2021, Order that the court would treat the motion to dismiss "as a request for declaratory relief to ensure that the issues to be decided by [the Bankruptcy] Court are fully resolved."  Sept. 30, 2021, Dec. at 2 n.1; *see also* Appellees' Mem. at 6.  The Bankruptcy Court also made clear in its October 15, 2020, Order that the court would "retain [this] case to resolve [these] preliminary issues based on bankruptcy law and then, with regard to any claims not implicated by this Court's rulings or otherwise not dismissed, this matter should be remanded to the Circuit Court for Howard County, Maryland for further proceedings."  *See* ECF No. 3-6 at 1.

Given this, the Bankruptcy Court's September 30, 2021, Order fully resolves all issues that were pending before the Bankruptcy Court.[5]  *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987) (citation omitted) (holding that that an order is not a final order if "it does not resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of even one of the parties to the bankruptcy case").  And so, the Court agrees with Appellants that the September 30, 2021, Order is a "final order" for purposes of Section 158(a) and the Court DENIES Appellees' motion to dismiss.  28 U.S.C. § 158(a); 28 U.S.C. § 2201(a); *see also Henrietta D.*, 246 F.3d at 180 ("An award of declaratory relief on all claims is a final order in a case in which declaratory relief is sought.").

### B.     The Bankruptcy Court Did Not Clearly Err In Finding That The Sens Parties' Complaint Is Timely

Turning to the merits of this appeal, a careful reading of the Bankruptcy Court's September 30, 2021, Order also makes clear that the Bankruptcy Court did not err in finding that the Sens Parties timely filed their legal malpractice claim against WTP.  *In re Palmer*, 615 B.R. 86, 91 (D. Md. 2020) (citing *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir. 1992)) (explaining that when reviewing a decision of the Bankruptcy Court, this Court

---

[5] While this Court has held that the denial of a motion to dismiss by the Bankruptcy Court is an interlocutory order, the record of appeal in this case makes clear that the Bankruptcy Court construed the motion to dismiss in this case as a request for declaratory relief.  *See e.g.*, *In re Hebb*, 53 B.R. 1003, 1005 (D. Md. 1985) (finding that the denial of motion to dismiss "is clearly interlocutory in nature"); *In re Travelstead*, 250 B.R. 862, 865 (D. Md. 2000) (holding that "orders denying a motion to dismiss are interlocutory"); *See also* Sept. 30, 2021, Dec. at 2 n.1.

reviews legal conclusions *de novo* and findings of fact for clear error).  And so, the Court must SUSTAIN the Bankruptcy Court's September 30, 2021, Order.  *Id.*

It is well-established under Maryland law that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the [Maryland] Code provides a different period of time within which an action shall be commenced."  Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Maryland law also recognizes that the discovery rule can toll "the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury."  *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000).  And so, the limitations period for a civil action begins to run when the plaintiff knows of circumstances which would cause a reasonable person in the plaintiff's position to investigate with reasonable diligence and such investigation would have led to the discovery of the alleged tort.  *Pennwalt Corp. v. Nasios*, 550 A.2d 1155, 1163 (Md. 1988).

In determining when such circumstances occur, Maryland law also recognizes that the "continuation of events" principle can toll the limitations period for certain claims when, as is the case here, a fiduciary relationship exists between the parties.  *Frederick Rd. Ltd. P'ship*, 756 A.2d at 974; *see also Bresler v. Wilmington Trust Co*., 348 F. Supp. 3d 473, 485 (D. Md. 2018) (citation omitted) (recognizing that a fiduciary relationship "gives the confiding party the right to relax his or her guard and rely on the good faith of the other party so long as the relationship continues to exist").  Under such circumstances, a confiding party is under no duty to inquire about the quality of the legal services or advice received, unless and until something occurs to make the party suspicious.  *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A.*, 834 A.2d 170, 179 (Md. Ct. Spec. App. 2003) (citation omitted).  And so, the continuation of events principle applies to, and tolls the running of, the statute of limitations in this matter, unless the Sens Parties had knowledge of facts that would lead a reasonable person to investigate, with reasonable diligence, and such investigation would have revealed the alleged wrongdoing of WTP.  *Bresler*, 348 F. Supp. 3d at 485.

The Bankruptcy Court's determination that the Sen Parties' timely filed their legal malpractice claim is consistent with the aforementioned legal standards and supported by the record evidence.  In the September 30, 2021, Order, the Bankruptcy Court determined, among other things, that the limitations period for the Sens Parties' legal malpractice claim began to run

on December 18, 2018, when the Circuit Court for Baltimore County granted summary judgment in favor of the Sureties in the Surety Lawsuit. *Id.* at 22. In reaching this conclusion, the Bankruptcy Court observed that:

> Section 5-101 of the Maryland Courts and Judicial Proceedings Article provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. § 5-101. Maryland has adopted the discovery rule for determining when a cause of action accrues. *Hahn v. Claybrook*, 100 A. 83 (Md. 1917). The discovery rule tolls "the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Rd. Ltd. P'ship. v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000).

*Id.* at 19. The Bankruptcy Court further observed that the limitations period began to run on December 18, 2018, because the evidence shows that this was the date on which the Sens Parties knew of circumstances which would cause a reasonable person in their position to investigate with reasonable diligence and that such investigation would have led to the discovery of the alleged legal malpractice by WTP. *See id.* at 22-29. And so, the Bankruptcy Court determined that the Sens Parties timely filed their complaint on February 28, 2020, less than three years thereafter. *Id.*

The Bankruptcy Court's decision is in accordance with Maryland law. As the Bankruptcy Court correctly observes in the September 30, 2021, Order, Maryland's general three-year statute of limitations applies to the Sens Parties' legal malpractice claim and the Maryland discovery rule tolls the running of this statute of limitations for this claim until such time as the Sens Parties knew of circumstances which would cause a reasonable person in their position to investigate, with reasonable diligence, and such investigation would have led to the discovery of WTP's alleged legal malpractice. *See* Sept. 30, 2021, Dec. at 19; *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Frederick Rd. Ltd. P'ship*, 756 A.2d at 973 (explaining that the discovery rule tolls "the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury"). The Bankruptcy Court also correctly recognized in the September 30, 2021, Order that the continuation of events principle can also toll the running of the statute of limitations for the Sens Parties' legal malpractice claim, in this case because a fiduciary duty existed between the Sens

Parties and WTP.  *See* Sept. 30, 2021, Dec. at 19-20; *see also Frederick Rd. Ltd. P'ship*, 756 A.2d at 974.

The Bankruptcy Court's decision that the Sens Parties' legal malpractice claim is timely is also amply supported by the evidentiary record for this appeal.

First, it is undisputed in this appeal that the Circuit Court for Baltimore County granted summary judgement in the Surety Lawsuit, on December 18, 2018.  *See* Sept. 30, 2021, Dec. at 8; Appellants' Br. at 10; Appellees' Br. at 9.  The record evidence also shows that Mr. Sens testified during his deposition for this case that he did not realize the Sens Parties may have a legal malpractice claim against WTP until after the Circuit Court for Baltimore County issued this ruling.  *See* Sept. 30, 2021, Dec. at 25; *see also* ECF No. 3-25 at 25-26 (Mr. Sens' deposition testimony).

The record evidence also makes clear that the Sens Parties had a fiduciary relationship with WTP from on or about April 15, 2016, until January 4, 2017, because it is without dispute that WTP served as their legal counsel for the Surety Lawsuit until that date.  *See* Sept. 30, 2021, Dec. at 5; *see also* Appellants' Br. at 5-6; Appellees' Br. at 6.  In this regard, it is notable that WTP's January 4, 2017, letter terminating the parties' attorney-client relationship does not address any concerns or issues about WTP's legal services.  *See* Sept. 30, 2021, Dec. at 23-24; *see also* ECF No. 3-25 (WTP's January 4, 2017, termination letter).

In addition, as the Bankruptcy Court correctly observes in the September 30, 2021, Order, there is no evidence in the record for this appeal to support Appellants' claim that the Sens Parties should have known that they had a claim against WTP on August 1, 2016, when they were advised by Mr. Beach to cease work on the Project.  *See* Sept. 30, 2021, Dec. at 23. Nor is there evidence to show that the Sens Parties should have known that they had a legal malpractice claim against WTP on August 18, 2016, when IOOC terminated Sens' right to perform work on the Project for cause.  *See id.*  Indeed, Appellees do not explain how either of these events could have made the Sens Parties suspicious enough to warrant pursuing a legal legal malpractice claim against WTP.  *See Supik*, 834 A.2d at 179; *see also* Appellants' Br.  It is undisputed that the Sens Parties and WTP had an attorney-client relationship in 2016.  *See* Sept. 30, 2021, Dec. at 5; *see also* Appellants' Br. at 5-6; Appellees' Br. at 6.  Given this, the Bankruptcy Court reasonably determined that the Sens Parties had "the right to relax [their]

14

guard and rely on the good faith of" WTP before the Circuit Court for Baltimore County granted summary judgment in the Surety Lawsuit, because of their fiduciary relationship with WTP. Sept. 30, 2021, Dec. at 23.

The arguments advanced by Appellants to show that the Bankruptcy Court erred in finding that the Sen Parties' legal malpractice claim is timely are also unpersuasive for several reasons.

First, Appellants unconvincingly argue that the Bankruptcy Court erred by employing a solely subjective standard in applying the continuation of events principle in this case.  *See* Appellants' Br. at 16.  Contrary to Appellants assertions, the September 30, 2021, Order makes clear that the Bankruptcy Court applied an objective standard in applying the continuation of events principle, consistent with Maryland law.  *See* Sept. 30, 2021, Dec. at 23-26 (objectively reviewing the evidence and finding that a reasonable person in the position of the Sens Parties would not have had a reason to investigate the quality of WTP's legal advice prior to December 18, 2018).

Appellants' argument that that the Bankruptcy Court incorrectly applied the continuation of events principle to events that occurred after the parties' terminated their attorney-client relationship on January 4, 2017, also lacks support.  *See* Appellants' Br. at 20.  As discussed above, WTP's January 4, 2017, termination letter simply states that the parties' attorney-client relationship has terminated, and this letter does not address any concerns about WTP's legal services in the Surety Lawsuit.  *See* ECF No. 3-25 (WTP's January 4, 2017, termination letter). Given this, the termination letter does not indicate that there was any reason for the Sens Parties to be suspicious about the quality of the legal services provided by WTP at that time.

Because the record for this appeal shows that the Bankruptcy Court did not clearly err in determining that the Sens Parties' legal malpractice claim accrued on December 18, 2018, and that this claim was timely filed under Maryland's three-year statute of limitations, the Court AFFIRMS the Bankruptcy Court's September 30, 2021, Order.

## V.    CONCLUSION

In sum, the Bankruptcy Court's September 30, 2021, Order is a "final order" for purposes of Section 158(a).  A careful review of the record for this appeal also shows that the Bankruptcy

Court did not clearly err in finding that the statute of limitations period for the Sens Parties' legal malpractice claim began to run on December 18, 2018, and that the Sens Parties' timely filed their legal malpractice claim on February 28, 2020.

And so, for the foregoing reasons, the Court:

1.      **DENIES** Appellees' motion to dismiss;

2.      **AFFIRMS** the Bankruptcy Court's September 30, 2021, Order; and

3.      **DIRECTS** the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge